

Representing Management Exclusively in Workplace Law and Related Litigation

Jackson Lewis P.C.
44 South Broadway
14th Floor
White Plains, New York 10601
Tel 914 872-8060
Fax 914 946-1216
www.jacksonlewis.com

Attorneys at Law

| | | | |
|---|---|---|---|
| ALBANY, NY | GREENVILLE, SC | MONMOUTH COUNTY, NJ | RALEIGH, NC |
| ALBUQUERQUE, NM | HARTFORD, CT | MORRISTOWN, NJ | RAPID CITY, SD |
| ATLANTA, GA | HONOLULU, HI* | NEW ORLEANS, LA | RICHMOND, VA |
| AUSTIN, TX | HOUSTON, TX | NEW YORK, NY | SACRAMENTO, CA |
| BALTIMORE, MD | INDIANAPOLIS, IN | NORFOLK, VA | SALT LAKE CITY, UT |
| BIRMINGHAM, AL | JACKSONVILLE, FL | OMAHA, NE | SAN DIEGO, CA |
| BOSTON, MA | KANSAS CITY REGION | ORANGE COUNTY, CA | SAN FRANCISCO, CA |
| CHICAGO, IL | LAS VEGAS, NV | ORLANDO, FL | SAN JUAN, PR |
| CINCINNATI, OH | LONG ISLAND, NY | PHILADELPHIA, PA | SEATTLE, WA |
| CLEVELAND, OH | LOS ANGELES, CA | PHOENIX, AZ | ST. LOUIS, MO |
| DALLAS, TX | MEMPHIS, TN | PITTSBURGH, PA | STAMFORD, CT |
| DAYTON, OH | MIAMI, FL | PORTLAND, OR | TAMPA, FL |
| DENVER, CO | MILWAUKEE, WI | PORTSMOUTH, NH | WASHINGTON, DC REGION |
| DETROIT, MI | MINNEAPOLIS, MN | PROVIDENCE, RI | WHITE PLAINS, NY |
| GRAND RAPIDS, MI | | | |

*through an affiliation with Jackson Lewis P.C., a Law Corporation

May 24, 2016

**VIA ECF &**
**EMAIL (Failla_NYSDChambers@nysd.uscourts.gov)**

Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

        Re: Martinez v. Riverbay Corporation, Brian
           Reardon, Victor Net and Ron Caesar
           Case No. 16-cv-00547 (KPF)

Dear Honorable Judge Failla:

    We represent Defendants Riverbay Corporation ("the Company"), Brian Reardon, and Victor Net. We do not represent Defendant Ron Caesar. We respectfully submit this pre-motion letter setting forth the basis of Defendants' Riverbay Corporation, Reardon and Net's motion to dismiss.

    Plaintiff filed the Complaint herein on January 25, 2016. The federal claims asserted in the Complaint are alleged under Title VII of the Civil Rights Act of 1964. Filed with the Complaint is a Dismissal and Notice of Rights dated October 19, 2015 issued by the U.S. Equal Employment Opportunity Commission to Plaintiff and Riverbay Corporation.

    Plaintiff's claims pursuant to Title VII must be dismissed because, as is clear on the face of Plaintiff's Federal Complaint, those claims are time-barred. The remaining claims are filed pursuant to state and city laws. Those claims must be dismissed because the Court does not otherwise have subject matter jurisdiction over them.

    To be timely filed, a claim under Title VII must be filed within ninety (90) days of the plaintiff's receipt of a right to sue notice from the EEOC. Sherlock v. Montefiore Medical Ctr., 84 F.3d 522 (2d Cir. N.Y. 1996). See also 42 U.S.C. § 2000e-5(f)(1) (2011), 29 USCS § 626(e) (2011). "This requirement should be strictly enforced and not extended by even one day." Holmes v. NBC/GE, 914 F. Supp. 1040, 1042 (S.D.N.Y. 1996). The standard is so strictly

 
Honorable Katherine Polk Failla
Southern District of New York
May 24, 2016
Page 2

enforced that courts have consistently held that even *pro se* litigants (which Plaintiff is not) must be held to strict compliance. Pryor v. National Grid, No. 10 Civ. 6507, 2011 U.S. Dist. LEXIS 82852, at * 6 (S.D.N.Y. July 28, 2011)(dismissing a *pro se* plaintiff's complaint as untimely because it was filed two days past the ninety (90) day statutory filing deadline). See also Sanchez v. Nat'l Cleaning Corp., 11 F. Supp.2d 453, 455 (S.D.N.Y. 1998)(dismissing *pro se* plaintiff's complaint which was filed two days late).

Generally, it may be assumed that a notice provided by a government agency has been mailed on the date shown on the notice. Sherlock, 84 F.3d at 526. To determine when a party has received the right-to-sue letter, courts have presumed that such notice was deemed received within three days of its mailing. See Holmes, 914 F. Supp. At 1042-43. See also Sherlock, 84 F.3d at 525.

In the present matter, the EEOC issued its Dismissal and Notice of Rights advising Plaintiff of his rights on Monday, October 19, 2015. Based on the presumption set forth in Holmes and Sherlock, it is presumed Plaintiff received the Notice on Thursday, October 22, 2015. The Complaint does not allege when Plaintiff received the Notice of Rights. Therefore, the legal presumption set forth above is controlling herein. As such, to be timely, the present action must have been filed by Wednesday, January 20, 2016. The present action was not filed until Monday, January 25, 2016, five (5) days past the deadline.

In addition, the claims against Defendant Victor Net should be dismissed on the merits. In the Complaint, Plaintiff alleges that Mr. Net - - a non-supervisory employee - - complained to a supervisor that Plaintiff had a fight with another employee because Plaintiff had Mr. Net's friend terminated a month earlier. This allegation does not state a cause of action under Title VII, the New York State Huma Rights Law, or the New York City Human Rights Law.

Based on the foregoing, Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

JACKSON LEWIS P.C.

Joseph A. Saccomano, Jr.

JAS:td

cc: Pamela S. Roth, Esq. *(Via ECF)*