```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
ORLANDO MARTINEZ,                                     :
                                                      :
                              Plaintiff,              :        16 Civ. 547 (KPF)
                                                      :
                      v.                              :        OPINION AND ORDER
                                                      :
RIVERBAY CORPORATION, BRIAN                           :
REARDON, and RON CEASAR,                              :
                                                      :
                              Defendants.             :
                                                      :
------------------------------------------------------X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: October 4, 2016

KATHERINE POLK FAILLA, District Judge:

On January 25, 2016, Plaintiff Orlando Martinez ("Martinez" or "Plaintiff") initiated this action against his former employer, Riverbay Corporation ("Riverbay"), as well as against two supervisors, Brian Reardon ("Reardon") and Ron Ceasar ("Ceasar"), and a co-worker, Victor Net ("Net").[1] Plaintiff asserts claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the New York State Human Rights Law, N.Y. Exec. Law §§ 290-297 (the "NYSHRL"), and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 8-131 (the "NYCHRL"). Presently before the Court is a motion to dismiss on behalf of Defendants Riverbay and Reardon (collectively, "Defendants"). Defendant Ceasar has not appeared or filed any motion. For the reasons discussed below, Defendants' motion is granted, and the case is dismissed in its totality.

---

[1]     By letter dated July 5, 2016, Plaintiff withdrew all claims against Defendant Net.

## BACKGROUND[2]

### A.    Factual Background

Plaintiff Martinez was hired by Riverbay, a property management company, in 1989.  (Compl. ¶¶ 8-9).  At that time, Plaintiff began working as a public safety officer at a power plant located in Bronx County, supervised by Human Resources Director Ceasar.  (*Id.* at ¶¶ 9, 13).  In approximately December 2011, Plaintiff became a Project Manager at a different power plant in Bronx County, supervised by Reardon, who was Director of the power plant.  (*Id.* at ¶¶ 10, 28).

On June 13, 2014, during a training session for job-related equipment, Plaintiff and non-party co-worker Rene Hamilton "engaged in harmless horseplay."  (Compl. ¶¶ 15, 17, 20).  Specifically, "Plaintiff grabbed Hamilton's arm[,] and when [Hamilton] told him to let go of him, Plaintiff did just that."  (*Id.* at ¶ 21).  Following the incident, however, Net filed a complaint with Riverbay against Plaintiff, indicating that Plaintiff had been "fighting with a co-worker"; Plaintiff disputes this, stating that the incident did not progress beyond the single instance of arm-grabbing, and that Hamilton had not filed any similar complaint.  (*Id.* at ¶¶ 22-23, 25, 31).[3]

---

[2]    The facts throughout are drawn, as they must be in a motion to dismiss, from the Complaint.  ("Compl.," Dkt. #1).  *See Kelly* v. *Howard I. Shapiro & Assocs. Consulting Eng'rs*, 716 F.3d 10, 12 (2d Cir. 2013).  For convenience, Defendants' memorandum in support of their motion to dismiss (Dkt. #26) is referred to as "Def Br."

[3]    Plaintiff surmises that Net filed this complaint in retaliation for Plaintiff causing the termination of Net's friend months prior.  (Compl. ¶¶ 33-34).

2

On June 17, 2014, Plaintiff was called to a meeting during which Reardon and Ceasar informed him that, following an investigation by Reardon, Plaintiff "was being terminated for fighting on the job." (Compl. ¶¶ 27-28, 30).[4] Hamilton, in contrast, was only suspended for one week in relation to the horseplay incident. (*Id.* at ¶ 32). Following his termination, Plaintiff did not receive a severance package or any benefits. (*Id.* at ¶ 29).

Apart from the incident leading to his termination, Plaintiff alleges other events as evidence of "extreme favoritism towards the Caucasian workers/employees over the Latino workers/employees" (Compl. ¶ 46), including:

- A previous physical altercation between two Caucasian employees that was "brushed ... under the rug" by Reardon, without consequences to either employee (*id.* at ¶¶ 38-40);

- A separate physical altercation between a Caucasian employee and a Latino employee resulting in both being arrested, after which the Latino employee was terminated but the Caucasian employee was permitted to retire with full benefits (*id.* at ¶¶ 41-42); and

- The retirement with full benefits of another employee who was "always getting in trouble on the job" and had a poor attendance record (*id.* at ¶¶ 43-44).[5]

---

[4]  Plaintiff further asserts that Reardon had concerns that Plaintiff "would be promoted to [Reardon's] job," and that Reardon had previously given Plaintiff poor evaluations to inhibit his salary raise and possible promotion. (Compl. ¶¶ 35-36).

[5]  Plaintiff does not indicate this employee's race or national origin, but the Court infers the employee was Caucasian based on Plaintiff's reference to his favorable treatment.

Based on these incidents, in conjunction with his termination, Plaintiff claims that there was "a huge disparity in the manner in which [Riverbay] and [Reardon] treated Caucasian workers versus Latino workers." (*Id.* at ¶ 45).

**B.    Procedural Background**

Plaintiff filed the Complaint in this action on January 25, 2016, pleading seven claims for relief:  (i) three claims under Title VII, alleging unlawful termination, hostile work environment, and discriminatory treatment; (ii) two claims under the NYSHRL, alleging discriminatory treatment and hostile work environment; and (iii) two claims under the NYCHRL, alleging discriminatory treatment and hostile work environment, all on the basis of Plaintiff's race or national origin.  (*See* Compl. ¶¶ 51-82).  Plaintiff seeks (i) declaratory relief, (ii) reinstatement, and (iii) damages for lost pay and benefits; pain, suffering, and humiliation; and costs, fees, and interest.  (*Id.* at 12).

By letter dated May 25, 2016 (Dkt. #14), Defendants Riverbay, Net, and Reardon sought leave to file a motion to dismiss.  Plaintiff orally opposed the application at a pre-motion conference held on June 16, 2016 (Dkt. #22), and filed a follow-up letter on July 5, 2016, responding to issues raised at the conference (Dkt. #17).  When the Court requested further substantiation of details in Plaintiff's submission (Dkt. #18), Plaintiff failed to respond.

On August 11, 2016, Defendants filed their motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that Plaintiff's Complaint was not filed within the 90-day time limit following receipt of the Equal Employment Opportunity Commission ("EEOC") right-to-sue letter, and

thus Plaintiff's federal claims were time-barred. (Dkt. #24-26). Plaintiff did not submit any opposition papers.

## DISCUSSION

### A. Applicable Law

#### 1. Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

Defendants ground their motion in both Rule 12(b)(1) and Rule 12(b)(6), and so the Court discusses both. "[A] district court may properly dismiss a case for lack of subject matter jurisdiction under Rule 12(b)(1) if it lacks the statutory or constitutional power to adjudicate it." *Aurecchione* v. *Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005) (internal quotation marks omitted); *accord Sokolowski* v. *Metro. Transp. Auth.*, 723 F.3d 187, 190 (2d Cir. 2013). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Makarova* v. *United States*, 201 F.3d 110, 113 (2d Cir. 2000).

In resolving a Rule 12(b)(1) motion to dismiss, "[t]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of [the] plaintiff, but jurisdiction must be shown affirmatively, and that showing [may] not [be] made by drawing from the pleadings inferences favorable to the party asserting it." *Morrison* v. *Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal citations and quotation marks omitted). Moreover, where subject matter jurisdiction is contested, a district court is permitted to consider evidence outside the pleadings, such as affidavits and exhibits. *See Zappia Middle East Constr. Co.* v. *Emirate of Abu Dhabi*, 215 F.3d

247, 253 (2d Cir. 2000); *accord Tandon* v. *Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

    **2.    Motions to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber* v. *Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 570 (2007)). "While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to 'nudge [a plaintiff's] claims across the line from conceivable to plausible.'" *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007) (per curiam) (quoting *Twombly*, 550 U.S. at 570). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco* v. *MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers* v. *Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc.* v. *Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)); *see generally Goel* v. *Bunge, Ltd.*, 820 F.3d 554, 558-60 (2d Cir. 2016) (discussing documents that may properly be considered in resolving a motion to dismiss).

### 3.   Title VII's 90-Day Filing Deadline

An employment discrimination suit brought under Title VII must be filed within 90 days of a plaintiff's receipt of a "right to sue" letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The Second Circuit has deemed Title VII's time limitation as "analogous to a statute of limitations." *Briones* v. *Runyon,* 101 F.3d 287, 290 (2d Cir. 1996). Generally speaking, "[t]his requirement should be strictly enforced and not extended 'by even one day.'" *Holmes* v. *NBC/GE*, 914 F. Supp. 1040, 1042 (S.D.N.Y. 1996) (citing *Johnson* v. *Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984)); *see also Tiberio* v. *Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 38 (2d Cir. 2011) (finding claim time-barred when claimant commenced suit 93 days after receipt of right-to-

sue letter); *cf. Zerilli-Edelglass* v. *N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003), as amended (July 29, 2003) (noting that filing limits are subject to equitable tolling, but affirming dismissal of complaint filed 92 days after receipt of right-to-sue letter).  "A plaintiff's failure to file a claim within the time limits set by Title VII … will ordinarily preclude [him] from pursuing that claim in federal court, and can warrant dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Moore* v. *City of New York*, No. 15 Civ. 4578 (KPF), 2016 WL 3963120, at *6 (S.D.N.Y. July 21, 2016) (citation omitted).

"Normally it is assumed that a mailed document is received three days after its mailing," and "it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice."  *Sherlock* v. *Montefiore Med. Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996) (citing *Baldwin County Welcome Center* v. *Brown*, 466 U.S. 147, 148 n.1); *see also Rosas* v. *Berry Plastics (Pliant LLC)*, 649 F. App'x 3, 4 (2d Cir. 2016) (summary order).  Moreover, courts require firm substantiation when a plaintiff contends that he received the right to sue letter more than three days after its mailing.  *See Sherlock*, 84 F.3d at 526 ("[W]e would not regard the presence of a self-serving date-of-receipt notation … as evidence rebutting the presumption that the letter was received three days after its typewritten date, unless the claimant also presented an affidavit or other admissible evidence of receipt on the noted date."); *see also Johnson* v. *St. Barnabas Nursing Home*, 368 F. App'x 246, 248 (2d Cir. 2010) (summary order) (finding plaintiff's "unsupported allegation that she received her EEOC right-to-sue letter" on a date more than

three days after its mailing "not sufficient to rebut the applicable three-day presumption of receipt").

## B. Analysis

### 1. Plaintiff's Title VII Claim Is Dismissed as Untimely

#### a. The Complaint Indicates That Plaintiff Filed His Complaint Outside of the 90-Day Deadline

"Although [P]laintiff has not opposed [Defendants'] motion, failure to oppose a 12(b)(6) motion cannot itself justify dismissal of a complaint." *Haas v. Commerce Bank*, 497 F. Supp. 2d 563, 564 (S.D.N.Y. 2007) (citing *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000)). What is more:

> In deciding an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency.... Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law."

*Id.* (citing *McCall*, 232 F.3d at 322).

Defendants argue, in their motion, that Plaintiff's Title VII claims are untimely in light of the stringent 90-day filing rule, and thus, that his federal claims should be dismissed under Rule 12(b)(6). (Def. Br. 4-5). Further, Defendants contend, following dismissal of Plaintiff's Title VII claims, the Court should dismiss the remaining state law-based claims for lack of subject matter jurisdiction under Rule 12(b)(1). (*Id.* at 5). The Court concurs.

Plaintiff's right-to-sue letter from the EEOC was dated Monday, October 19, 2015. (Compl. Ex. A). Because Plaintiff's Complaint did not

9

indicate or substantiate a later receipt date, the Court presumes that Plaintiff received the letter three days later, on Thursday, October 22, 2015.  If Plaintiff received the letter on that date, the 90-day deadline for filing a complaint passed on Wednesday, January 20, 2016, yet Plaintiff did not file his Complaint until Monday, January 25, 2016.  Thus, absent admissible evidence rebutting the presumption that the letter was received more than three days after October 19, 2015, Plaintiff's Title VII claims were untimely and must be dismissed.

>  **b.     Plaintiff's Later Contentions Regarding the Complaint's Timeliness May Not Be Considered and, In Any Event, Are Unavailing**

As noted above, under Rule 12(b)(6), the Court is limited to considering the Complaint, any documents attached to it — here, only the right-to-sue letter — and documents incorporated into the Complaint by reference.  *DiFolco*, 622 F.3d at 111.  Accordingly, the Court cannot properly consider Plaintiff's oral representation at the parties' pre-motion conference that Plaintiff received the right-to-sue letter on Saturday, October 24, 2015.  (*See* Dkt. #22 at 8-9). In any event, had Plaintiff received the letter on that date, the 90-day deadline would have occurred on Friday, January 22, 2016, still rendering Plaintiff's Complaint untimely.

Finally, Plaintiff's counsel submitted, subsequent to the pre-motion conference, a screenshot of a text message purportedly from Plaintiff, dated Sunday, October 25, 2016, stating, "I sent you that package plus I received a letter from eeoc stating undetermined findings." (Dkt. #17 Ex. 1).  In response,

Plaintiff's counsel wrote, "I got the package and the 'right to sue' letter too." (*Id.*).  "[U]nder appropriate circumstances," the Second Circuit has noted, the presumption of receipt within three days "may be rebutted by admissible evidence, such as an affidavit by the claimant stating the actual date of receipt (or lack thereof)."  *Comrie* v. *Bronx Lebanon Hosp.*, 133 F.3d 906 (table), 1998 WL 29643, at *2 (2d Cir. 1998).  Here, however, Plaintiff has failed to respond with any such admissible evidence in the form of a sworn statement.  And, as noted, the Court may not properly consider the document submitted on a motion to dismiss under Rule 12(b)(6), as it was not appended to, incorporated by reference in, or integral to the Complaint.  *See DiFolco*, 622 F.3d at 111; *see also Chambers*, 282 F.3d at 153.

Again, however, even were the Court to consider this document, it would not change the result.  The Court acknowledges that receipt of the right-to-sue letter on Monday, October 25, 2015, would render Plaintiff's federal claims timely — as the 90-day deadline would then fall on the very date Plaintiff filed his Complaint — but the Court considers Plaintiff's text messages only a "self-serving date of receipt notation" insufficient to rebut the presumption that the letter was received on Thursday, October 22, 2015.  *See Sherlock*, 84 F.3d at 526.  Notably, the text messages did not actually indicate that the right-to-sue letter was received on the very date the messages were sent — only that the right-to-sue letter had been received *by* that date.  Still more significantly, the Court is skeptical that both Plaintiff and his counsel received the right-to-sue letter by mail on a Sunday.  Although the Court requested additional

11

substantiation from Plaintiff's counsel in this regard (*see* Dkt. #18), no response from Plaintiff was received. Accordingly, even if the Court considered this submission by Plaintiff, the text messages would be insufficient to rebut the presumption that Plaintiff received the letter by Thursday, October 22, 2015.

Accordingly, Plaintiff's additional contentions regarding the timeliness of the Complaint are not properly considered on a motion to dismiss under Rule 12(b)(6), but even if considered, they would not alter the decision of the Court.

### 2. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's Other Claims

A district court "may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). In determining whether to exercise supplemental jurisdiction, courts are directed to "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity[.]" *Lundy* v. *Catholic Health Sys. Of Long Island Inc.*, 711 F.3d 106, 117-18 (2d Cir. 2013) (internal quotation marks omitted). "Once all federal claims have been dismissed, the balance of factors will 'usually' point toward a declination." *Id.* at 118 (brackets omitted).

As noted above, Plaintiff's federal claims under Title VII have been dismissed as untimely. As such, all that remains are Plaintiff's claims under the NYCHRL and NYSHRL. Accordingly, the Court declines to extend supplemental jurisdiction over his municipal and state law claims. This

decision is consistent with the practice in this District, as "courts regularly decline jurisdiction over NYSHRL and NYCHRL claims once the federal employment claims have been dismissed." *Harris* v. *NYU Langone Med. Ctr.*, No. 12 Civ. 454 (RA), 2014 WL 941821, at *2 (S.D.N.Y. Mar. 11, 2014).[6]

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED in full. Plaintiff's claims under Title VII are dismissed with prejudice. Because the Court declines to exercise supplemental jurisdiction over Plaintiff's NYSHRL and NYCHRL claims, they are dismissed without prejudice. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: October 4, 2016
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

---

[6] Although Defendant Ceasar failed to appear in the case or file a motion to dismiss, the Court now dismisses the case in its entirety, including as against Ceasar. The Court has concluded that Plaintiff's Title VII claims are untimely; even were they viable, they could not be raised against an individual defendant. *See Patterson* v. *County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004). Because only the state and municipal claims could be raised against an individual defendant, and the Court has declined to exercise supplemental jurisdiction over those claims, they are dismissed as against Defendant Ceasar as well.